UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DAVID CALANDRA              :
                            :
     V.                     :    CASE NO.: 3:06CV49 (WWE)
                            :
SODEXHO, INC. and           :
SODEXHO OPERATIONS, LLC     :

## RULING ON DEFENDANTS' MOTION
## TO COMPEL PERSONAL NOTES

On December 15, 2006, defendants filed a motion to compel plaintiff to produce personal notes he authored. At his deposition, plaintiff testified he reviewed these notes in preparation for his deposition testimony. At the hearing on the Motion on April 15, 2007, the defendants argued that these personal notes were prepared by plaintiff prior to retaining an attorney and, therefore, were not protected by the attorney-client privilege. Alternatively, defendants argued that, even if the notes were protected by the attorney-client privilege, plaintiff waived the privilege by reviewing them in anticipation of testifying at his deposition. Plaintiff objected to producing his personal notes contending that the notes are protected by the attorney-client privilege. Plaintiff also argued that this privilege was not waived.

For the reasons stated below, defendants' motion to compel [Doc. #35] is **denied**.

I.  Factual Background

On May 22, 2006, plaintiff filed a two-count amended complaint, alleging age discrimination in violation of the

Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-58, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* In essence, plaintiff claims that he was a Facilities Manager for Sodexho at its University of Bridgeport location. When the Director of Facilities position became vacant at this location, plaintiff applied for this position and alleges he was told he would get it. Ultimately, plaintiff did not receive the Director of Facilities job. Plaintiff claims that he was refused this position because of his age. Plaintiff also claims that, after filing a complaint with Human Resources personnel, he was harassed, humiliated, and "written up" on several occasions. Plaintiff's Complaint, ¶¶ 8-16. On June 17, 2005, plaintiff's employment was terminated. Id. at ¶ 16.

On August 16, 2006, during his deposition, plaintiff was asked how he prepared for his deposition. The following dialogue ensued:

> Q: All right. How did you prepare for this deposition, without disclosing any discussions you had with your attorney?
>
> A: I looked over some notes that I had been keeping?
>
> ***
>
> Q: When you say "notes," what notes are you referring to?
>
> A: Notes that I gave to my attorney.
>
> ***
>
> Q: Were these handwritten notes --
>
> A: Yes.

2

```
Q:    -- that you made?

A:    Yes.

Q:    When did you write down these notes?  When did you
      actually make them?

A:    June of 2004, I think it was.

Q:    2004?

A:    Yes sir.

Q:    Okay.  So about a year before your termination from
      Sodexho?

A:    Yes, sir.
```

Pl's. Depo., pp. 12-13.  In an effort to clarify how these notes came into existence, this line of questioning continued. Plaintiff testified that these notes were typed, not handwritten, and were prepared for his future attorney.  Pl's. Depo., p. 14. When asked when he retained an attorney, plaintiff stated, "2004, I think, I contacted my lawyer."  Id.  Plaintiff testified that he had retained Attorney Leon Rosenblatt while plaintiff was still working for defendants.  Id. at 14-15.

Based on this testimony, defendants seek an order compelling plaintiff to produce these personal notes.  In support of this motion, defendants argue that, due to the fact that plaintiff testified he made these notes in 2004 and counsel was not retained until 2005, the notes are not protected by the attorney-client privilege.  Defendants also argue that, even if the notes are privileged, plaintiff waived the attorney-client privilege by reviewing the notes in preparation for his deposition testimony. Plaintiff argues that, based on plaintiff's testimony and the

3

heading of the notes themselves, plaintiff prepared the notes to seek legal advice and in the hopes of obtaining Attorney Rosenblatt's services. Thus, plaintiff argues that the notes are protected attorney-client information. Plaintiff also argues that the attorney-client privilege was not waived under Fed. R. Evid. 612.

II. Discussion

    A. Attorney-Client Privilege

The attorney-client privilege protects "confidential disclosures by a client to an attorney made in order to obtain legal advice." U.S. Postal Service v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 159 (E.D.N.Y. 1994) (quoting Fisher v. U.S., 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976)). The party claiming the privilege bears the burden of demonstrating that there was: "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential and (3) made for the purpose of obtaining or providing legal advice." U.S. v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

Here, defendants claim that plaintiff's personal notes are a pre-existing document prepared by plaintiff before he retained counsel. In support of this argument, defendants point to plaintiff's deposition testimony in which he states that he prepared the notes in 2004. As plaintiff's counsel was not retained until 2005, defendants contend that it is clear that

4

plaintiff authored the notes before retaining counsel and before litigation was even a possibility.

Plaintiff's testimony is not as definitive as defendants argue. In his deposition, plaintiff testified that he created the notes in "June of 2004, I think it was." Pl's. Depo, pp. 12-13. Plaintiff further clarified that date by stating he prepared the notes for his future attorney. Id. at 14. When asked when he retained an attorney, plaintiff stated, "2004, I think, I contacted my lawyer." Id.

In objecting to this motion to compel, plaintiff submitted an affidavit. In this affidavit, plaintiff states that his personal notes were prepared in an effort to retain Attorney Rosenblatt as his attorney. Pl's. Aff., ¶ 1. The heading on the typed memorandum states that it was "To Mr. Leon M. Rosenblatt - From David D. Calandra." Id. Plaintiff also states that he was mistaken at his deposition when he said he created the notes in 2004. Id. at ¶ 2. Plaintiff's affidavit indicates that he created the document in June 2005, the same month he gave the notes to Attorney Rosenblatt. Id.

At the hearing, the typed document was provided to the Court for an *in camera* review. In the document heading, the notes were addressed to Attorney Rosenblatt. Additionally, the use of the past tense in the notes evidences that fact plaintiff wrote these notes in summary format after the events described took place.

Based on these facts, it is apparent that plaintiff prepared these notes for the purpose of informing Attorney Rosenblatt

about the surrounding events in an effort to secure legal advice and to retain an attorney. There is no evidence that these notes were communicated to anyone besides Attorney Rosenblatt or those working for him. Thus, as the notes were prepared in an effort to seek legal advice and representation and kept confidential, the elements of the attorney-client privilege have been satisfied.[1]

The issue then becomes whether plaintiff, pursuant to Fed. R. Evid. 612, waived the attorney-client privilege by reviewing his notes prior to his deposition testimony.

B. <u>Waiver of the Attorney-Client Privilege</u>

Fed. R. Evid. 612 authorizes the disclosure of privileged documents used by a witness to refresh his memory in two circumstances. Specifically, Fed. R. Evid. 612 provides that:

> If a witness uses a writing to refresh memory for the purpose of testifying ...
>
> 1) while testifying, or
>
> 2) before testifying, if the court in its discretion determines it is necessary in the interest of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in

---

[1] However, the facts contained in plaintiff's personal notes are not protected. <u>See</u> <u>In re Six Grand Jury Witnesses</u>, 979 F.2d 939, 944 (2d Cir. 1992) ("the cloak of privilege simply protects the communication from discovery, the underlying information contained in the communication is not shielded from discovery") <u>cert.</u> <u>denied</u>, 509 U.S. 905 (1993). Defendants may inquire about the facts underlying plaintiff's claims. A reading of plaintiff's deposition evidences that defense counsel thoroughly questioned plaintiff regarding the underlying facts.

evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612. However, "nothing in the Rule [should] be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." Fed. R. Evid. 612 advisory committee's note (citing House Report No. 93-650).

A review of the case law indicates that, "courts have been grappling with the scope of Rule 612 with varying degrees of clarity." Suss v. MSX Int'l Eng'g Servs., Inc., 212 F.R.D. 159, 163 (S.D.N.Y. 2002). Most courts agree that, under Rule 612(1), a witness using a document to refresh his memory while testifying must produce the writing. Id. However, Rule 612(2) has been interpreted at both ends of the spectrum.

For example, in Ehrlich v. Howe, 848 F. Supp. 482 (S.D.N.Y. 1994), the court held that,

> when confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection provided by the attorney-client privilege ... the weight of authority holds that the privilege ... is waived."

Id. at 493 (quoting S & A Painting Co. v. O.W.B. Corp., 103 F.R.D. 407, 408 (W.D. Pa. 1984)).

On the contrary, other courts hold that production of the privileged materials is only mandated if the attorney-client privilege has been waived. Thus,

> the relevant inquiry is not simply whether the documents were used to refresh the witness's recollection, but rather whether the documents were used in a manner which waived the attorney-client privilege. This could happen, for example, if privileged communications were disclosed to an

7

> individual outside the privileged relationship. On the other hand, the privilege would not be lost if an individual were to review his own already privileged documents.

Suss, 212 F.R.D. at 164. See also, United States Equal Employment Opportunity Comm. v. Continental Airlines, Inc., 395 F. Supp. 2d 738 (N.D. Ill. 2005); Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D. 403 (D. Kan. 1998); In re Managed Care Litigation, 415 F. Supp. 2d 1378 (S.D. Fl. 2006).

A balance between these two approaches has been adopted by several courts. In In re Riv Astigmine Patent Litigation, No. 05 MD 1661, 2007 WL 1029671 (S.D.N.Y. Ap. 6, 2007), a dispute arose regarding whether privileged documents reviewed by a deposition witness had to be disclosed. Id. While recognizing the divergent case law, the court adopted yet another approach termed the "functional analysis" test. Id. Under the functional analysis approach, "[b]efore ordering production of privileged documents, courts [must] require that the documents 'can be said to have had sufficient "impact" on the [witness'] testimony [before] trigger[ing] the application of Rule 612.'" Id. at *2 (quoting Bank Hapoalim, B.M. v. Am. Home Assurance Co., No. 92 Civ. 3561, 1994 WL 119575 (S.D.N.Y. April 6, 1994) (quoting Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613, 615 (S.D.N.Y. 1977)). Once this element has been satisfied, "courts [should] then engage in a balancing test considering such factors as whether production is necessary for fair cross-examination or whether the examining party is simply engaged in a 'fishing

8

expedition'." <u>In re Riv Astigmine Patent Litigation</u>, 2006 WL 1029617 at * 2.

The Court finds this functional analysis test to be the better approach, as it recognizes both the special protection which must be afforded to privileged documents and the existence of circumstances where review of privileged documents is necessary in order to conduct an effective examination of the witness. Under the functional analysis approach, this plaintiff's personal notes need not be produced.

Here, plaintiff has first-hand knowledge of the facts underlying his complaint. The notes summarize these facts. After conducting an *in camera* review of plaintiff's typed summary, and comparing this summary to plaintiff's deposition testimony, the Court finds that plaintiff's notes had minimal impact on his testimony. In fact, during defense counsel's examination, plaintiff went into greater detail regarding the facts supporting his claims than are contained in the summary plaintiff prepared for his attorney. Defendants are already in possession of the information which would be revealed if the court were to order production of the notes. Thus, justice requires no finding of waiver.

For the reasons stated above, defendants' motion to compel [Doc. #35] is **denied.**

SO ORDERED at Bridgeport this 27th day of April, 2007.

```
                    __/s/_____
                    HOLLY B. FITZSIMMONS
                    UNITED STATES MAGISTRATE JUDGE
```